Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT 59802

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

---

SCOTT LEWEY,

Plaintiff,

vs.

BITTERROOT TIMBERFRAMES, L.L.C., BITTERROOT BUILDERS OF BIG SKY, INC., THE BITTERROOT GROUP, GREEN MOUNTAIN CONSTRUCTION LLC, and BRETT MAURI,

Defendants.

CAUSE NO. CV 05-87-M-LBE

ORDER

---

This matter comes before the Court on Plaintiff's Motion to Compel Discovery, and Defendant's cross-motion for a protective order. Upon consideration of the briefs and materials of record, the Court enters the following:

**ORDER**

IT IS ORDERED that Plaintiff's motion to compel discovery [#25] is **GRANTED.** Defendants are ordered to provide the required discovery prior to March 17, 2006.

IT IS FURTHER ORDERED that Defendants' motion for a protective order [#21] is **DENIED** except to the extent of protecting personal information of Defendant Brett Mauri as set forth herein.

DATED this 27th day of March, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge

**RATIONALE**

**I. Background**

In May 2005, Plaintiff commenced this action against his former employer, Bitterroot Timberframes, and the remaining Defendants, asserting federal and state law claims arising out of his discharge from employment in August 2004. Plaintiff brings claims under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1331, and for breach of contract.

Plaintiff has moved under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 to compel Defendants to provide adequate responses to various requests for production. Pl.'s Mot. to Compel Discovery 1 (Dec. 22, 2005). Defendants oppose Plaintiff's motion to compel and have filed a cross-motion for a protective order. Defs.' Br. in Opposition to Mot. to Compel and Cross-Motion for Protec. Or. 6 (Jan. 5, 2006).

**II. Applicable Law**

Through discovery a litigant is entitled to "discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party[.] Fed. R. Civ. P. 26(b)(1). Also, "[t]he information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Upon the failure of a party to disclose requested information the opposing party may move to compel disclosure. Fed. R. Civ. P. 37(a)(2)(A). Accordingly, a failure to answer an interrogatory or to respond to a request for production are grounds for obtaining an order compelling disclosure. Fed. R. Civ. P. 37(a)(2)(B).

Based on the liberal discovery policies of the Federal Rules a party opposing discovery carries a "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (ruling on a motion to compel and citing *Blankenship*).

**III. Discussion**

Request for Production No. 3

Plaintiff moves to compel a more complete response to

Request for Production No. 3, which asks Defendants to "[p]roduce all DOCUMENTS reflecting or referring to compensation or benefits paid to Plaintiff during his employment with the Bitterroot Group. . ." Defendants stated in response that "[o]ther than what was deferred into the account in question, Lewey had received, and was to receive, nothing more than his salary."

Plaintiff argues that Request for Production No. 3 was not an interrogatory as Defendants' response seems to indicate, and maintains he is entitled to any responsive documents. Pl.'s Mot. to Compel Discovery 6. Plaintiff further stresses that any documents related to Request for Production No. 3 are relevant as they would prove that Plaintiff was potentially entitled to payments above his purported salary and disprove "Defendants' claim that Plaintiff was never entitled to anything more than his salary. . .". *Id.*

Defendants do not dispute the relevancy of the information sought, but point out that as of December 2005 they were still in the process of attempting to retrieve additional information related to the request. Defs.' Br. in Opposition to Mot. to Compel and Cross-Motion for Protec. Or. 2.

The documents related to compensation to benefits paid to Plaintiff during his employment with Defendants are indeed discoverable as relevant to Plaintiff's claim that he was entitled to something more than his base salary. To the extent

Defendants have not yet provided the information sought by way of this request for production, Plaintiff's motion to compel is granted.

Requests for Production No. 6 and No. 8

Request for Production No. 6 asks Defendants to "[p]roduce all DOCUMENTS reflecting or referring to any litigation involving the Bitterroot Group against any third party that may result in an increase in the Bitterroot Group's assets." Defendants objected to this request as overbroad, burdensome, and irrelevant.

Request for Production No. 8 asks Defendants to "[p]roduce copies of all financial statements for the past five years for each of the Defendants, and Defendant under common control, and any affiliated subsidiary or apparent entity." Defendants objected to this request as overbroad, burdensome, and irrelevant. Defendants further objected to this request as it allegedly seeks financial information that is confidential and/or privileged.

Plaintiff argues that if he is able to prove Defendants breached the employment agreement between the parties, he will be entitled to damages that will be calculated according to the worth of Defendants' businesses. In other words, Plaintiff's request for financial information here is relevant to compute an accurate damages claim. Pl.'s Mot. to Compel Discovery 7-8.

Further, the information sought is relevant because the calculation of damages would only be possible through consideration of Defendants' financial statements along with any judgments to which it may be entitled. *Id.* at 7-8. Plaintiff also argues that Defendants are using the requested information to value Plaintiff's claim for their own purposes without disclosing it. *Id.* at 8.

Defendants respond that the financial information requested is irrelevant because any money held in a deferred account or equity account would be based on Plaintiff's standing in the company and, because of Plaintiff's resignation, the information related to these accounts has no bearing on this litigation. Defs.' Br. in Opposition to Mot. to Compel and Cross-Motion for Protec. Or. 3. Moreover, Defendants maintain that this information is only discoverable when punitive damages are available which is not the situation here. *Id.* at 4.

Plaintiff is entitled to discover any relevant information related to the disputed claims of deferred compensation and equity. Financial statements of the Defendants and documents related to an increase in assets of the Defendants are relevant to the value of Plaintiff's claims for deferred compensation and equity. Moreover, Defendants have not explained why providing these documents would be unduly burdensome. Accordingly, requests for Production No. 6 and No. 8 properly seek

discoverable information, and Defendants have not met their burden of establishing the documents are not discoverable. Accordingly, Plaintiff's motion to compel a response to these requests is granted.  Appreciating there may be some confidential personal information in the documents sought under request number 8 as regards Defendant Brett Mauri, the court will require that those particular documents dealing with his personal finances be marked as confidential and provided only to Plaintiff's counsel who shall not permit the distribution of the original or of copies and allow examination only by Plaintiff and whatever expert witnesses Plaintiff may retain.  Dissemination of the contents in any fashion, oral or otherwise, except as set forth, is prohibited.