FILED
MISSOULA, MT

2006 SEP 11  PM 1 02

PATRICK E. DUFFY

BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SCOTT LEWEY, | ) | CV 05-87-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BITTERROOT TIMBERFRAMES, LLC, | ) | |
| BITTERROOT BUILDERS OF BIG SKY, | ) | |
| INC., THE BITTERROOT GROUP, | ) | |
| GREEN MOUNTAIN CONSTRUCTION, | ) | |
| LLC, and BRETT MAURI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. Introduction

On August 10, 2006, United States Magistrate Judge Jeremiah C. Lynch signed his Findings and Recommendation (dkt #67) in this matter addressing Plaintiff's motion for summary judgment (dkt #36) and Defendants' motion to dismiss, or alternatively motion for summary judgment (dkt #37). Judge Lynch recommended denying Plaintiff's motion and granting in part and denying in part Defendants' motion. I agree with Judge Lynch's analysis.

-1-

Defendants timely objected and the Court has appropriately
conducted a de novo review of the record.   28 U.S.C. § 636(b)(1)
(2006).   The Parties are familiar with the procedural history and
the factual background so they will not be restated.

## II.  Analysis

Judge Lynch rightly recommended denying Plaintiff's motion
for summary judgment and granting Defendants' motion for summary
judgment in part because Plaintiff's case, based on a disputed
"deferred income account," is not an employee benefit plan within
the meaning of the Employee Retirement Income Security Act of
1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").   Contrary to ERISA
requirements, the facts show that Lewey's money was not set aside
as part of an organized benefits scheme and a reasonable person
would not recognize the elements such a scheme.   *See Winterrowd
v. American General Annuity Ins. Co.*, 321 F.3d 933 (9th Cir.
2003).   Consequently, Defendants are entitled to summary judgment
on this issue.   Neither Party has objected to this aspect of
Judge Lynch's Findings and Recommendation.

I also find Judge Lynch's jurisdictional analysis cogent.
Despite Defendants' objections, the holding from *Arbaugh v. Y & H
Corp.*, 126 S. Ct. 1235 (2006) leads me to conclude that
Plaintiff's failure to establish all of the elements of an ERISA
claim does not bar subject matter jurisdiction here.   As Justice
Ginsburg observed, "A plaintiff properly invokes § 1331

jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* at 1244 (citation omitted); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)(citations omitted)("the district court has jurisdiction if the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another . . . unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.") As in *Arbaugh*, this Court must decide whether the failure to fulfill an element of a law that arises as a federal law is a jurisdictional issue or one that "relates to the merits" of the action. *Id.*

In this instance, Plaintiff's claim is colorable and there is no indication that Congress meant these restrictions to an ERISA claim as a jurisdictional bar. *Id.* at 1245. Plaintiff's failure to fulfill all of the requirements of an ERISA claim are analogous to *Arbaugh* where the Court ruled that the failure to fulfill an aspect of a Title VII claim pertained to the merits of the case and not jurisdiction. The Court retains subject matter jurisdiction despite the failure of the ERISA claim.[1]

---

[1] Defendants' argument that the Complaint should be dismissed in its entirety because Lewey was not a "participant" as defined by Congress is hollow, particularly in light of Defendants'

Consequently, pursuant to 28 U.S.C. § 1367, the Court will exercise supplemental jurisdiction for the remaining state law claim.  Judicial economy and fairness dictate that the Court refrain from declining jurisdiction here.  *See Executive Software North America Inc. v. United States District Court*, 24 F.3d 1545 (9th Cir. 1994).

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  Plaintiff's motion for summary judgment is DENIED.  Defendants' motion for summary judgment is GRANTED IN PART, limited in respect to the ERISA claim, and DENIED in all other aspects.  The case is referred back to Judge Lynch for all remaining pretrial matters.

Dated this ____ day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court

---

extensive cites to *Arbaugh*.  The *Arbaugh* decision reversed the lower courts' rulings whereby a Title VII action was dismissed due to lack of subject matter jurisdiction because the defendant did not fulfill the congressional definition of "employer."  *Id.* at 1241.