JOHN L. AMSDEN, ESQ.
BECK, AMSDEN & RUGGIERO, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715
Phone: (406) 586-8700
Fax: (406) 586-8960
amsden@becklawyers.com
*Attorneys for Plaintiff*

WILLIAM B. HANSON, ESQ.
KASTING, KAUFFMAN & MERSTEN, PC
716 South 20th Ave., Suite 101
Bozeman, MT 59715
Phone: (406) 586-4383
Fax: (406) 587-7871
bhanson@kkmlaw.net
*Attorneys for Defendants*

FILED
MISSOULA, MT

2006 OCT 24  PM 1 44

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

\* \* \* \* \* \* \* \* \*
# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION
\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SCOTT LEWEY,<br><br>Plaintiff,<br><br>v.<br><br>BITTERROOT TIMBERFRAMES, L.L.C., BITTERROOT BUILDERS OF BIG SKY, INC., THE BITTERROOT GROUP, GREEN MOUNTAIN CONSTRUCTION LLC, and BRETT MAURI,<br><br>Defendants. | Cause No. CV 05-87-DWM<br><br><br><br><br>**PROPOSED FINAL PRETRIAL ORDER** |

Pursuant to Fed. R. Civ. P. 16 and L.R. 16.4, the parties submit this Final Pretrial Order to govern the course of trial in this matter:

## I. Nature of Action.

### A. Plaintiff's Contentions:

Plaintiff Scott Lewey alleges that during the time he was employed by Defendants, a portion of his salary was withheld and placed in a deferred account, to be used in the future either to purchase equity in Defendants' operations or for Lewey's retirement. The total sum withheld from Lewey's paychecks and deposited into the deferred account was $134,170.92. Upon his termination, Lewey demanded payment of the monies in his deferred income account. Knowing he was financially vulnerable, Defendants instead offered Lewey a fraction of what was in his deferred income account in return for his release of all claims against them. Minus personal charges Lewey agreed to have deducted from his deferred income account, Defendants are liable now to Plaintiff for $122,965.92 plus fees and costs. Because Defendants have never provided a separate accounting to Lewey for each of the entities for whom he worked, Defendants should be jointly and severally liable for the entire amount owed.

### B. Defendants' Contentions:

Defendants allege that Lewey asked Defendants' representative Brett Mauri in early 2001 what it would take to become a partner in the business. Brett advised Lewey that he could take less salary and the difference would be used to acquire equity in the business. Lewey agreed, setting his own reduced salary, and the agreement was performed until Lewey voluntarily terminated his employment effective August 6, 2004.

Defendants characterized this difference as Lewey's "Differed (sic) Income Investment" and calculated it to be $111,276.88. Defendants also calculated that the "Grand total of money in" paid by Lewey, after offsets and credits for personal expenses paid by the Defendants at Lewey's express and implied request, was $30,790.10. Upon his termination, Defendants offered to pay Lewey $34,000.

Under the definition of the issues to be tried recommended by the Magistrate Judge and accepted by the District Judge, Defendants are now liable for no more than the $30,790.10. Defendants dispute that definition of the issues (and the Court's retention of jurisdiction of the case) and reserve all rights to appeal those recommendations and their acceptance, but acknowledge that those are the issues which remain for trial under the state of the record.

## II. Jurisdiction and Venue.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Lewey's complaint initially alleged claims arising under the Federal Employee Retirement Income Security Act, making "federal question" jurisdiction proper under 28 U.S.C. § 1331. The Magistrate Judge granted summary judgment on Lewey's ERISA claims, but retained supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367. Personal jurisdiction is not questioned. Venue is proper in the Missoula Division because a significant portion of the events at issue in this action took place in Stevensville, Montana, which is in this Division. L.R. 1.11 (a)(1); Mont. Code Ann. §§ 25-2-118, 25-2-121. Defendants do question the propriety of the Court's retention of subject matter jurisdiction of the case.

## III. Jury.

The case is set for a bench trial on October 23, 2006.

## IV. Agreed Facts.

The following facts are admitted, agreed to be true, and require no proof:

1. From October 1, 2000, through August 13, 2001, Plaintiff Scott Lewey was a subcontractor for Defendant Bitterroot Timberframes, LLC.

2.  From August 14, 2001, to January 3, 2002, Lewey was an employee of one or more of the entity Defendants.

3.  From January 4, 2002, through December 31, 2002, Lewey was an employee of Timberframes.

4.  From January 1, 2003, through June of 2004, Lewey was an employee of Defendant Green Mountain Construction, LLC.

5.  From June of 2004 through August, 6, 2004, Lewey was an employee of Defendant Bitterroot Builders, Inc., when Lewey terminated his employment.

6.  Defendants Timberframes and Bitterroot Builders operate under a common marketing moniker, "The Bitterroot Group."

7.  Between 2001 and August of 2004, a portion of Lewey's salary was withheld.

## V. Elements of Liability.

1.  Breach of contract:

    a.  The parties agreed that a portion of Lewey's income would be deferred;

    b.  Defendants have breached the agreement by withholding Lewey's deferred income long past the termination of his employment with Defendants;

    c.  Defendants' breach of their contractual obligations to Lewey has caused damages to Lewey.

2. Constructive trust:

   a. Defendants would be unjustly enriched if they were permitted to retain salary earned by Lewey while he worked for them;

   b. Defendants are now subject to an equitable duty to convey to Lewey the funds withheld from Lewey's paychecks. 

3. *In quantum meruit*:

   a. Lewey performed valuable services for Defendants at their behest;

   b. Defendants have substantially benefitted from Lewey's performance of those services; 

   c. Defendants should compensate Lewey for the reasonable value of those services.

4. Declaratory judgment:

   a. Lewey is entitled to a declaration of his rights pursuant to the contractual agreements between the parties;

   b. Lewey is entitled to a declaration of his rights as the beneficiary of the constructive trust currently held by Defendants;

   c. Lewey is entitled to supplemental relief, including costs and attorneys fees, pursuant to Montana Code Annotated section 27-8-313.

5. Wages and Wage Protection Act: 

   a. It was necessary for Lewey to maintain this lawsuit for the recovery or collection of wages due;

  b. Therefore, any resulting judgment must include a reasonable attorneys fee.  Mont. Code Ann. § 39-3-214.

## VI. Defense Elements.

The following are elements of defenses asserted by Defendants:

1. Defendants did not breach their agreement with Lewey, but under the issues defined for trial by the Magistrate Judge and accepted by the District Judge, Defendants contend that they owe Lewey no more than $30,790.10.  The basis of this position is that the original agreement between Defendants and Lewey was modified by mutual agreement of the parties, express and implied, that Defendants would advance certain sums on Lewey's behalf personally and such sums would be deducted from Lewey's deferred investment account.  Defendants also contend that each Defendant for whom Plaintiff worked is legally liable for only that portion of the amount due that represents salary deferred from that entity.

2. Defendants contend that Plaintiff has no right to proceed under the Elements of Liability numbers 2 - 5 above under his Complaint and the definition of the issues to be tried recommended by the Magistrate Judge and accepted by the District Judge.  They were not pled, Defendants have had no notice of them before their statement above, and they are not included in the definition of issues to be tried established by the record of this case to date.

## VII. Relief Sought.

1. Compensatory damages as allowed by law.

2. Attorneys' fees.

3. Other relief as the Court may deem reasonable and just.

4. Costs of this action.

## VIII. Legal Issues.

As determined by the Magistrate Judge, the following issues remain to be determined:

1. The amount of money, if any, Defendants are entitled to claim as an offset against Lewey's deferred income.

2. The amount of pre-judgment interest, if any, to which Lewey is entitled to receive upon the amount of money remaining in the deferred income account on the date of his termination.

Findings and Recommendation of United States Magistrate Judge at p. 22 (Aug. 10, 2006). Defendant's contend the following legal issues must also be resolved:

1. Whether the entity Defendants had any duty to provide Plaintiff with an accounting of the salary paid / withheld by each during the term Lewey was a subcontractor or employed by each, and if so, whether not providing such information makes them jointly and severally liable to Lewey for what money is found to be owed to him.

2. Whether Plaintiff is entitled to an award of attorneys' fees on his Second Claim for Relief - Breach of Contract - given the dismissal of his First Claim for Relief - ERISA.

    3.    Whether the amount of money withheld from Lewey's salary is "wages" within the meaning of Montana's Wage and Wage Protection Act, and if so, whether an award of attorneys' fees in this case is appropriate.

## IX. Dismissals.

Lewey initially alleged two claims for relief in his Complaint. One was under ERISA, and the other was for Breach of Contract. Defendants' summary judgment on the claims for relief under ERISA was granted. Findings and Recommendation of United States Magistrate Judge at pp. 1-2 (Aug. 10, 2006). Because Brett Mauri would be liable only under ERISA, Brett Mauri should now be dismissed.

## X. Witnesses.

Attached to this Final Pretrial Order are the following separate witness lists:

    1.    Plaintiff's Will-Call Witness List;

    2.    Plaintiff's May-Call Witness List;

    3.    Defendant's Will-Call Witness List; and

    4.    Defendant's May-Call Witness List.

## XI. Exhibits

Attached to this Final Pretrial Order are the following separate Exhibit Lists:

1. Plaintiff's Will-Offer Exhibits;

2. Plaintiff's May-Offer Exhibits;

3. Defendant's Will-Offer Exhibits; and

4. Defendant's May-Offer Exhibits.

## XII. Discovery Documents.

Plaintiff will offer the following discovery documents:

1. Defendants' Responses to Plaintiff's First Discovery Requests (Oct. 7, 2005), verified by Brett Mauri on Oct. 21, 2005.

Defendants will offer the following discovery documents:

1. Portions of Plaintiff's Response to Bitterroot's First Discovery Requests, dated November 23, 2005, as follows:

    a. Answer to Interrogatory No. 4.

    b. Answer to Interrogatory No. 5.

    c. Response to Request for Production No. 1, Plaintiff's Exhibit 5 (Scott Lewey Wage History, 3:30 p.m. 9/3/2004), Plaintiff's Exhibit 6 (August 12, 2004, Letter to Scott Lewey, beginning "This following is Bitterroot's final offer to settle . . .").

    d. Response to Request for Production No. 2 (including documents produced).

2. Portions of Defendants' Supplemental to Defendants' Original Responses to Plaintiff's First Set of Discovery dated October 7, 2005, as follows:

    a. Answer to Interrogatory No. 5.

    b. Supplemental Response to Interrogatory No. 6 and Supplemental Response to Request for Production No. 12.

## XIII. Estimate of Trial Time.

The parties estimate that trial will take no more than one day.

This Order supplements and supersedes the pleadings in this matter.

DATED this 23rd day of October 2006.

_____
Hon. Donald W. Molloy
District Court Judge

Approved as to form and content:

/s/ John L. Amsden      /s/ William B. Hanson
JOHN L. AMSDEN      WILLIAM B. HANSON
*Attorneys for Plaintiff*      *Attorneys for Defendants*